**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Jerry Waters,** | ) | **CASE NO. 1:04 CV 1026** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Margaret Bradshaw, Warden,** | ) | <u>**Memorandum of Opinion & Order**</u> |
| | ) | |
| **Respondent.** | ) | |


This matter is before the Court upon the Report and Recommendation of Magistrate Judge Patricia A. Hemann (Doc. 13) which recommends denial of the Petition for Writ of Habeas Corpus now pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

<u>**Introduction**</u>

Petitioner, Jerry Waters, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated after entering guilty pleas in the Ashland County Court of Common Pleas to three counts of rape, two counts of

1

unlawful sexual contact with a minor, and one count of gross sexual imposition. After entering these pleas, Petitioner was sentenced to ten years on each count of rape, five years on each count of unlawful sexual contact with a minor, and five years on the count of gross sexual imposition. These sentences were the maximum sentences allowable under Ohio law and were ordered to run consecutively, for a total term of forty-five years.[1]

In imposing this sentence, the trial court found the following factors as indicating that the maximum sentence was warranted: (1) injuries to the victims were worsened because of their ages (i.e., young girls ages 7 to 12); (2) the victims suffered serious physical and psychological harm as a result of these offenses; (3) the Petitioner held a position of trust and the offenses were related to that position; and (4) the Petitioner's relationship with the victims facilitated the offense because they were family friends or relatives. (Dec. 9, 2002 Judgment Entry–Sentencing, Ashland County Court of Common Pleas Case No. 02- CRI- 089 at p.2) (attached as Exh. 7 to Respondent's Answer/Return of Writ). Further, the trial court noted that the Petitioner had established a pattern of offending against multiple young girls, and that this pattern involved pre-meditation and intimidation of the victims. (*Id.*).

Based on the above findings, and pursuant to Ohio Rev. Code §§ 2929.13 and 14, the trial court found that the maximum, consecutive sentences were necessary because (1) minimum terms would demean the seriousness of the offense; (2) Petitioner posed the greatest likelihood of committing future crimes; and (3) "these crimes demonstrate harm so great or unusual, that any single term does not adequately reflect the seriousness of the Defendant's conduct." (*Id.* at 3).

---

[1] In addition, and after a full hearing, Petitioner was found to be a sexual predator.

Petitioner filed a timely notice of appeal in the state appellate court, arguing that the trial court erred in (1) sentencing him to maximum, consecutive sentences; and (2) sentencing him for counts of the indictment which were allied sentences of similar import.  Petitioner relied entirely on Ohio law in arguing that the trial court had erred.  The state appellate court subsequently affirmed the judgment of the trial court on August 28, 2003, finding that the facts on the record were sufficient to support the sentences imposed by the trial court.

Petitioner then filed a timely notice of appeal in the Ohio Supreme Court, raising the same assignments of error.  Again, Petitioner's arguments to the Ohio Supreme Court cited only Ohio law in arguing that the trial court had erred in sentencing him.  On December 24, 2003, the Ohio Supreme Court refused jurisdiction over Petitioner's appeal.

This matter has been fully briefed and the Magistrate Judge issued her Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied.  Petitioner has filed Objections to the Report and Recommendation.

**<u>Standard of Review</u>**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**<u>Discussion</u>**

Petitioner asserts two grounds in support of his Petition.  For the following reasons, the Court agrees with the Magistrate Judge that neither warrants issuance of the Writ.

Petitioner raises the same grounds in his Writ of Habeas Corpus as he raised in his appeals to the state appellate court and the Ohio Supreme Court.  Ground One asserts that he was erroneously sentenced by the trial court to maximum consecutive sentences.  Ground Two asserts that the trial court erred in sentencing him for counts of the indictment which were allied offenses of similar import.

The Magistrate Judge recommended that both Grounds be denied for the following reasons.  First, the Magistrate noted that errors in the application of state law are generally not cognizable in federal habeas corpus proceedings unless the errors of state law are "so grossly erroneous as to result in a denial of fundamental fairness."  *Melchior v. Jago*, 723 F.2d 486, 491 (6th Cir. 1993). *See also Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).  The Magistrate then concluded that Petitioner had failed to explain how the state appellate court's decision that Ohio law supported Petitioner's sentencing was erroneous or denied him fundamental fairness.  For this reason, the Magistrate Judge recommended that this Court find that Petitioner is not entitled to habeas relief to the extent his claims allege violations of state law.

The Magistrate then concluded that Petitioner had procedurally defaulted his claims that his sentencing violated the United States Constitution because Petitioner never presented these alleged federal constitutional violations to the state courts. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (stating that reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure").  In so recommending, the Magistrate recognized that a federal court may award habeas relief on the basis of procedurally defaulted claims if the Petitioner demonstrates that failure to consider those claims

will result in a fundamental miscarriage of justice.  However, the Magistrate rejected Petitioner's argument that such a miscarriage of justice occurred in this case.

Specifically, Petitioner argued that the United States Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004)[2] warranted habeas relief herein because the trial court's decision to sentence Petitioner to maximum consecutive terms was based on certain findings of aggravating factors that were neither found by a jury or admitted to by Petitioner.  The Magistrate rejected this argument for three reasons.  First, the Magistrate concluded that mere constitutional error is insufficient to save a procedurally defaulted claim.  Rather, the Magistrate held that a Petitioner must demonstrate actual innocence in order to demonstrate a fundamental miscarriage of justice and that Petitioner herein had failed to do so.  Second, the Magistrate noted that Petitioner had failed to explain how his sentencing violated the Fifth, Sixth, or Eighth Amendments to the United States Constitution or how the holding in *Blakely* bears on those alleged violations.  Finally, the Magistrate found that Petitioner failed to address the state appellate court's finding that the evidence before the trial court was sufficient to justify Petitioner's sentence under Ohio law.

Thus, the Magistrate concluded that Petitioner had procedurally defaulted both his Grounds for Relief and recommended that his Petition for Habeas Corpus be denied on that basis.

Petitioner thereafter filed Objections to the Magistrate's Report and Recommendation.

---

[2]    In considering the state of Washington's sentencing guidelines, the Supreme Court held in *Blakely* that the Sixth Amendment prohibits sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted to by the defendant." *Id*. at 2537.

With regard to Ground One, Petitioner argues that habeas relief is warranted in light of *Blakely* because the trial court's imposition of the maximum, consecutive sentences under Ohio's sentencing guidelines was based on facts not found by a jury or admitted to in his guilty pleas. Specifically, Petitioner argues that "no jury made findings.  Defendant admitted his guilt, but did not make admissions concerning the special factors necessary for maximum and consecutive sentences.  The court could not have legally imposed this sentence on the basis of Defendant's plea alone [under *Blakely*]."  (Objections at 5).

The Court rejects this argument.  Numerous circuits have considered this precise argument in the context of habeas petitions pursuant to § 2254, and rejected it on the grounds that *Blakely* does not apply retroactively to cases on collateral review.  *See e.g., Morgan v. Beck*, 2004 WL 2165919 (4th Cir. Sept. 23, 2004) (in affirming dismissal of §2254 habeas petition, finding that ". . . the Supreme Court has not made its ruling in *Blakely* retroactive to cases on collateral review"); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005) (same); *Bolton v.  Reed*, 2005 WL 806875 at *2 (10th Cir. April 8, 2005) (in affirming dismissal of § 2254 habeas petition, finding that "*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004").

While the Sixth Circuit has not directly addressed this issue, it has stated in dicta that "like the Supreme Court's decision in *Apprendi [v. New Jersey*, 530 U.S. 466 (2000)], it is unlikely that *Blakely* would apply retroactively to matters addressed via 28 U.S.C. § 2255." *Spiridigliozzi v. U.S.*, 2004 WL 2671719 at * 9 (6th Cir. Nov. 15, 2004).[3]   District courts within

---

[3]  While the instant case involves a petition submitted pursuant to § 2254 and *Spiridigliozzi* involved a § 2255 petition, both types of petitions involve collateral review of criminal convictions.

6

this circuit have reached the same conclusion.  *See e.g. Cano v. U.S.*, 2005 WL 1028241 (E.D. Mich. April 29, 2005) (holding that "[n]either *Blakely* nor [*U.S. v. Booker*, 125 S.Ct. 738 (2005)] apply retroactively to provide relief for petitioners submitting motions pursuant to § 2255").

As stated above, Petitioner was sentenced on December 9, 2002.  The state appellate court affirmed the judgment of the sentencing court on August 28, 2003, and the Ohio Supreme Court refused jurisdiction on December 24, 2003.  Thus, Petitioner's conviction was final prior to the Supreme Court's June 24, 2004 decision in *Blakely*.  As such, and based on the case law cited above, the Court finds that Petitioner cannot succeed on his claim that habeas relief is warranted on the basis of *Blakely*.

Therefore, for the reasons set forth above, Ground One of Petitioner's Writ of Habeas Corpus is denied.

With regard to Ground Two, Petitioner argues that the two counts of unlawful sexual conduct and one count of gross sexual imposition (counts seven, eight and ten) are allied offenses to the rape counts and were only imposed because the underlying conduct occurred after the victims turned thirteen.  As such, Petitioner argues that the trial court erred in sentencing him on those counts.

The state appellate court thoroughly analyzed this issue and determined that, even assuming the crimes of rape, unlawful sexual conduct with a minor and gross sexual imposition are allied of similar import under Ohio law, sentencing Petitioner on each of those counts was warranted since a separate animus existed for each crime.  Specifically, the court found that:

> With regard to the "Mary Doe" Rape charge (Count 5), such charge is based on events that occurred when said victim was less than thirteen years of age, whereas the two counts of Unlawful Sexual Conduct with a Minor are based on events that occurred after said

victim turned thirteen. Furthermore, the two counts of Unlawful Sexual Conduct with a Minor (Counts 7 and 8) differ from each other in the type of conduct involved, i.e. Count Seven involved vaginal intercourse and/or digital penetration whereas Count Eight involved fellatio and/or cunnilingus.

We find the same to be true of the "Linda Doe" Rape charge (Count 9) which involved "sexual conduct" of digital penetration; whereas the Gross Sexual Imposition charge (Count 10) involved "sexual contact."

*See* August 28, 2003 Opinion, *State v. Waters*, Fifth District Court of Appeals of Ohio, Case No. 03-COA-002, at pp. 8-9.

Upon review, the Court fully agrees with the reasoning and conclusion of the Magistrate that Ground Two should be denied. Petitioner does not explain how the appellate court's conclusions, above, were erroneous and has failed to demonstrate how his sentencing denied him fundamental fairness. Accordingly, the Court agrees with the Magistrate that Petitioner is not entitled to habeas relief to the extent his claims allege violations of state law.

To the extent Petitioner bases this Ground on alleged federal constitutional violations, the Court agrees with the Magistrate that Petitioner has procedurally defaulted this ground for relief and, further, has failed to demonstrate that this Court's failure to consider this ground will result in a fundamental miscarriage of justice.

Accordingly, as to Ground Two, this Court completely adopts the Magistrate's factual and legal conclusions with regard to this issue as its own and incorporates them herein by reference. Thus, for the reasons set forth above and in the Magistrate's Report and Recommendation, Ground Two of Petitioner's Writ of Habeas Corpus is denied.

**<u>Conclusion</u>**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's

8

Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.  Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

This Court now considers whether to grant a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 which states in relevant part:

> \***
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined that:

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong."  *Id.* at 484.  In instances where a claim is  procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court

9

was correct in its procedural ruling." *Id.* (emphasis supplied).



      For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

      IT IS SO ORDERED.



                           /s/ Patricia A. Gaughan
                           PATRICIA A. GAUGHAN
                           United States District Judge


Dated: 5/12/05

10