**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JERRY WATERS, ) | CASE NO. 1:04-cv-1026 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MARGARET BRADSHAW, Warden ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Jerry Waters ("Waters"), through counsel, filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) on April 30, 2008. (Doc. No. 21.) Respondent Margaret Bradshaw ("Respondent") filed a brief in opposition to the motion for relief on June 17, 2008. (Doc. No. 21.) Previously, Waters had filed a Petition for a Writ of Habeas Corpus on May 26, 2004. (Doc. No. 1.) This Court denied the petition on May 12, 2005. (Doc. No. 17.)

This matter was referred to the undersigned Magistrate Judge for the preparation of a Report and Recommendation. For reasons set forth in detail below, it is recommended that Waters's motion be treated as a second or successive habeas petition and TRANSFERRED to the Sixth Circuit Court of Appeals.

### I. Factual and Procedural History

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying Waters's conviction as follows:

> On August 27, 2002, Appellant was interviewed by the police regarding his involvement in the possible molestation of three children. During said interview, Appellant admitted his sexual involvement with the girls and consented to a search of his house, car and truck, which resulted in the seizure of incriminating evidence.
>
> On August 29, 2002, Appellant was indicted by the Ashland County Grand Jury on the following: One count of Rape, in violation of R.C. § 2907.02(A)(1)(b), with a specification that he compelled the victim to submit by force or threat of force, (F1); six counts of Rape in violation of R.C. § 2907.02(A)(1)(b), (F1); two counts of Unlawful Sexual Contact with a Minor, in violation of R.C. § 2907.04(A), (F3); and, one count of Gross Sexual Imposition, in violation of R.C. § 2907.05(A)(4), (F3). Three separate victims were involved in these charges: "Jane Doe", "Mary Doe" and "Linda Doe".
>
> On November 4, 2002, Appellant entered guilty pleas to one count of Rape as to "Jane Doe", one count of Rape and two counts of Unlawful Sexual Contact with a Minor as to "Mary Doe" and one count of Rape and one count of Gross Sexual Imposition as to "Linda Doe".
>
> On December 9, 2002, Appellant was sentenced to ten years on each count of Rape, five years on each count of Unlawful Sexual Contact with a Minor and five years on the count of Gross Sexual Imposition. Said sentences were ordered to run consecutively, totaling a term of forty-five years. Appellant was also found to be a sexual predator following a full hearing.

*State v. Waters*, 2003 Ohio App. LEXIS 4109, 2003-Ohio-4624 at ¶¶3-6 (Ohio Ct. App., Aug. 28, 2003).

This Court's denial of Waters's petition contained a detailed discussion of the trial court's sentencing as well as the state court appellate proceedings, which is quoted below:

> In imposing this sentence, the trial court found the following factors as indicating that the maximum sentence was warranted: (1) injuries to the victims were worsened because of their ages (i.e., young girls ages 7 to 12); (2) the victims suffered serious physical and psychological harm as a result of these offenses; (3)

the Petitioner held a position of trust and the offenses were related to that position; and (4) the Petitioner's relationship with the victims facilitated the offense because they were family friends or relatives. (Dec. 9, 2002 Judgment Entry–Sentencing, Ashland County Court of Common Pleas Case No. 02- CRI-089 at p.2) (attached as Exh. 7 to Respondent's Answer/Return of Writ). Further, the trial court noted that the Petitioner had established a pattern of offending against multiple young girls, and that this pattern involved pre-meditation and intimidation of the victims. (*Id.*).

Based on the above findings, and pursuant to Ohio Rev. Code §§ 2929.13 and 14, the trial court found that the maximum, consecutive sentences were necessary because (1) minimum terms would demean the seriousness of the offense; (2) Petitioner posed the greatest likelihood of committing future crimes; and (3) "these crimes demonstrate harm so great or unusual, that any single term does not adequately reflect the seriousness of the Defendant's conduct." (*Id.* at 3).

Petitioner filed a timely notice of appeal in the state appellate court, arguing that the trial court erred in (1) sentencing him to maximum, consecutive sentences; and (2) sentencing him for counts of the indictment which were allied sentences of similar import. Petitioner relied entirely on Ohio law in arguing that the trial court had erred. The state appellate court subsequently affirmed the judgment of the trial court on August 28, 2003, finding that the facts on the record were sufficient to support the sentences imposed by the trial court.

Petitioner then filed a timely notice of appeal in the Ohio Supreme Court, raising the same assignments of error. Again, Petitioner's arguments to the Ohio Supreme Court cited only Ohio law in arguing that the trial court had erred in sentencing him. On December 24, 2003, the Ohio Supreme Court refused jurisdiction over Petitioner's appeal.

(Doc. No. 16.)

In his Petition for Writ of Habeas Corpus, Waters asserted the following grounds for relief:

GROUND ONE: Petitioner was erroneously sentenced by Trial Court to maximum consecutive sentences.

GROUND TWO: The trial court erred in sentencing petitioner for counts of the indictment which were allied offenses of similar import.

(Doc. No. 1.)

In her Report and Recommendation, Magistrate Judge Heman recommended that both grounds be dismissed for the following reasons.  First, the Magistrate Judge noted that Waters relied entirely on Ohio law in arguing that the sentencing court erred, rendering his claims unreviewable on federal habeas review absent a denial of fundamental fairness.  (Doc. No.s 13 &16.)  Waters, however, had failed to explain how the state appellate court's ruling deprived him of fundamental fairness.  *Id*.  Second, the Magistrate Judge found that any federal constitutional claims Waters attempted to raise were procedurally defaulted as they were never presented in state court.  *Id*.  Further, Waters failed to demonstrate a miscarriage of justice sufficient to excuse his default.  *Id*.  The Court accepted the Magistrate Judge's Report and Recommendation and denied Waters's petition.  (Doc. No. 16.)  Furthermore, the Court specifically rejected Waters's argument that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004).  The Court addressed the merits of Waters's *Blakely* claim finding that "*Blakely* does not apply retroactively to cases on collateral review."  (Doc. No. 16 at 6.)

## II.  Applicable Law

Waters asserts that his motion, made pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), is the appropriate procedural mechanism for raising his claim.

> Rule 60.  Relief from a Judgment or Order
>
> ***
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

  (c) Timing and Effect of the Motion.
    (1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
    (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

FED. R. CIV. P. 60(b) & (c).

Conversely, Respondent asserts that Waters's motion must be construed as a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A) ("§ 2244(b)") and, therefore, must be dismissed.

  (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS § 2254] that was presented in a prior application shall be dismissed.
    (2) A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS § 2254] that was not presented in a prior application shall be dismissed unless--
      (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
      (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
    (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

### III.  Analysis

The United States Supreme Court has specifically addressed the interplay between § 2244(B) and Rule 60(b).  *See Gonzalez v. Crosby*, 545 U.S. 524 (2005.)  The Supreme Court acknowledged that Rule 60(b) retains "an unquestionably valid role" in habeas cases.  *Id.* at 534.  Nonetheless, the Supreme Court found that Rule 60(b) motions must comply with the requirements of § 2244(B) when the Rule 60(b) motion asserts a "claim."  *Id.* at 531-32; *accord Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) ("*Gonzalez* also makes it clear that when the AEDPA-amended habeas statutes conflict with Rule 60(b), AEDPA controls.")  The Court held that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does *not assert*, or *reassert*, claims of error in the movant's state conviction."  *Id.* at 538 (emphasis added).

Therefore, the dispositive issue is whether Waters's Rule 60(b) motion asserts or reasserts a claim of error in his state conviction.[1]  In his Rule 60(b) motion, Waters expressly states that the purpose of his motion is for the Court to "reconsider the applicability of *Apprendi v. New Jersey* [530 U.S. 466 (2000)] and *Blakely v. Washington* to his claims."  (Doc. No. 18 at 1.)  petition also challenged his state court conviction and sentence on the ground that he was "erroneously sentenced by [the] Trial Court to maximum consecutive sentences," presumably in

---

[1] The Supreme Court explained that determining whether a Rule 60(b) motion asserts a "claim" is a "relatively simple" task.  *Id.* at 532.  A "claim" in this context includes new constitutional grounds for relief or an attack on a court's prior resolution of a ground for relief "on the merits."  Where a petitioner alleges that a previous ruling on the merits was erroneous, he is making a habeas corpus claim.  *Id.*  However, where a petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar – " the Rule 60(b) motion making such allegations does not advance a habeas claim subject to § 2244(b).

-6-

violation of *Blakely*.  In its order denying Waters's petition, the Court rejected his argument on the grounds that *Blakely* did not apply retroactively to cases on collateral review.  (Doc. No. 16 at 6.)  Thus, Waters's Rule 60(B) motion is clearly attacking the Court's previous ruling on the merits and is either reasserting the same *Blakely* claim or some variation thereof.  In either event, Waters's Rule 60(B) motion constitutes a second or successive petition requiring approval from the Sixth Circuit Court of Appeals pursuant to § 2244(b).

Waters cites the Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147 (2007) and concedes that the Court did not decide the issue of whether its decision in *Blakely* created a new rule to be applied retroactively because the petitioner therein never received appellate court authorization to file a second or successive petition.  (Doc. No. 18 at 8.)  It appears that Waters is simply seeking to revive his *Blakely* claim.[2]  However, despite the *Burton* decision, Waters has deliberately chosen to circumvent the authorization requirements of § 2244(b) by proceeding under Rule 60(b).  Waters does not allege that he has received authorization from the Sixth Circuit nor does the record reflect that he has sought such authorization.[3]  This Court cannot reconsider the merits of its earlier decision where such action is expressly prohibited by the AEDPA and binding Supreme Court precedent.

Since Waters's Rule 60(b) motion seeks to advance a "claim," his motion constitutes a

---

[2]  It appears from the Court's docket that Waters never attempted to appeal this Court's prior ruling to the Court of Appeals.

[3]  The Sixth Circuit and other decisions of this Court have repeatedly found that *Blakely* claims are inapplicable on collateral review.  *See, e.g., Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *Taniguchi v. United States*, 262 Fed. Appx. 714, 715 (6th Cir. 2008); *Smith v. Petkovich*, 2008 U.S. Dist. LEXIS 39283 at *16 (N.D. Ohio May 12, 2008); *Charlton v. Beightler*, 2007 U.S. Dist. LEXIS 95132 (N.D. Ohio Nov. 13, 2007).

second or successive petition. In the Sixth Circuit, when a second or successive petition for habeas corpus relief is filed in a district court without appellate court authorization, the district court should transfer the petition to the Sixth Circuit rather than dismiss the matter altogether. *See, e.g., In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization ..., the district court shall transfer the document to this court"); *In re Bowling*, 422 F.3d 434, 439 (6th Cir. 2005). The AEDPA deprives district courts of jurisdiction over second and successive petitions. *See Mitchell v. Rees*, 261 Fed. Appx. 825, 829 (6th Cir. 2008) (where a Rule 60(b) motion is found to be a successive habeas petition, § 2244(b) serves as a jurisdictional bar to the motion); *Post*, 422 F.3d at 425 (AEDPA denies federal district courts jurisdiction to hear a second or successive petition).

### V. Conclusion

For the foregoing reasons, the undersigned recommends that Waters's Rule 60(b) motion be construed as a second or successive petition pursuant to § 2244(b) and that this matter be TRANSFERRED to the Sixth Circuit Court of Appeals pursuant to the case law cited above.

s/ Greg White<br>U.S. MAGISTRATE JUDGE

Date: August 19, 2008

## **OBJECTIONS**

  **Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).**  *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**